UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ARI BAILEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BUREAU OF PRISONS, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 14-0716 (RJL) |

**FILED**

MAY 04 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

MEMORANDUM OPINION

May 4
(April ~~~, 2016) [Dkt. #43]

This matter is before the Court on Defendants' Motion to Dismiss [Dkt. #43]. For the reasons stated below, the motion will be granted.

Generally, a prisoner plaintiff is required to pay a filing fee in full when he files his complaint. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1). Pursuant to the Prison Litigation Reform Act ("PLRA"), "[a] prisoner who qualifies for [*in forma pauperis*] status . . . need not pay the full filing fee at the time he brings suit," and instead he is allowed to "pay the filing fee in installments over time." *Asemani v. U.S. Citizenship & Immigration Servs.*, 797 F.3d 1069, 1072 (D.C. Cir. 2015) (citations omitted). However, certain prisoners cannot qualify for *in forma pauperis* status under the PLRA's "three strikes" rule:

> In no event shall a prisoner bring a civil action or appeal a
> judgment in a civil action or proceeding under this section if

1

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* (quoting 28 U.S.C. § 1915(g)); *see* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). This plaintiff has accumulated three strikes.[1] *See Bailey v. Fulwood*, 945 F. Supp. 2d 62 (D.D.C. 2013) (dismissing for failure to state claim under Ex Post Facto Clause), *aff'd*, 793 F.3d 127 (D.C. Cir. 2015), *pet. for cert. filed*, No. 15-1217 (U.S. Mar. 29, 2016); *Bailey v. United States*, No. 13-cv-6 (E.D. Ky. July 10, 2013) (dismissing complaint with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Bailey v. Alder*, No. 03-cv-1425 (W.D. La. Oct. 19, 2004) (dismissing claims against Houston prison officials as frivolous under § 1915A prior to transfer from S.D. Tex., and dismissing remaining *Bivens* claims with prejudice for failure to state a claim).

Under these circumstances, plaintiff may proceed *in forma pauperis* only if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Court "asses[es] the alleged danger at the time [the plaintiff] filed his complaint," *Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415, 420 (D.C. Cir. 2009) (citing *Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006)), and in so doing "construe[s] his complaint

---

[1] Plaintiff disputes one dismissal, *see Bailey v. Harris*, No. 5:09-cv-165 (M.D. Fla. Apr. 10, 2013), arguing that a dismissal for failure to exhaust administrative remedies is not a strike for purposes of § 1915(g). *See* Pl.'s Mem. in Opp'n to Doc #43 Mot. to Dismiss Pursuant to Judicial Estoppel [ECF No. 46] at 2. "Because there is no categorical answer to the question whether failure to exhaust administrative remedies counts as failure to state a claim for Rule 12(b)(6) purposes, the question likewise has no categorical answer under section 1915(g)[.]" *Thompson v. DEA*, 492 F.3d 428, 438 (D.C. Cir. 2007). Even if the Court were to eliminate this case from consideration, plaintiff still had accumulated three strikes prior to the filing of the instant civil action, and he has acquired an additional strike since. *See Bailey v. District of Columbia*, No. 15-cv-779 (D.D.C. May 26, 2015) (dismissing under 28 U.S.C. § 1915A(b) for failure to state a claim).

2

liberally and accept[s] its allegations as true." *Id.* None of the complaint's factual allegations demonstrate that plaintiff is in imminent danger of serious physical injury, and therefore he fails to qualify for the imminent danger exception.

The Court concludes that plaintiff was not eligible to proceed *in forma pauperis* at the time he filed this civil action. Defendants' motion to dismiss will be granted, and the Court will dismiss this action without prejudice. An Order is issued separately.

_____
RICHARD J. LEON
United States District Judge